UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| **SYBIL PITTS** | : | CASE NO: |
| c/o Minnillo Law Group Co., LPA | : | |
| 2712 Observatory Avenue | : | JUDGE: |
| Cincinnati, Ohio 45208 | : | |
| **Plaintiff,** | : | |
| vs. | : | |
| **DEVOTED HELPING HANDS, LLC** | : | **COMPLAINT** |
| 7778 Colerain Avenue | : | |
| Suite K | : | **(WITH JURY DEMAND)** |
| Cincinnati, Ohio 45239 | : | |
| And | : | |
| **MIA LAMB, Individually** | : | |
| 5464 Leumas Drive | : | |
| Cincinnati, Ohio 45239 | : | |
| **Defendants.** | : | |

COMES NOW Plaintiff Sybil Pitts ("Pitts"), by and through undersigned counsel and for her Complaint against defendants Devoted Helping Hands, LLC, and Mia Lamb, individually, and states as follows:

### I. INTRODUCTION

1. Plaintiff asserts individual claims under the Fair Labor Standards Act ("FLSA") and Ohio law against defendants Devoted Helping Hands, LLC ("DHH"), and Mia Lamb, individually ("Lamb") (Collectively "defendants").

2. Plaintiff was employed by defendants who failed to pay plaintiff Overtime Pay as required by law.

3. Further, Devoted Helping Hands, LLC has violated the Ohio Constitution, specifically Article II, §34a, by failing to produce certain records within the applicable time period.

4. Defendants' conduct violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, Title 29 of the Code of Federal Regulations, and R.C. 4111.01, 4111.03 and 4113.15. Plaintiff seeks unpaid overtime pay for the three (3) years preceding the filing of this action, liquidated damages in an equal amount, declaratory and injunctive relief, and reasonable attorney's fees and costs.

## II. JURISDICTION AND VENUE

5. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 215. Federal jurisdiction is invoked in this instance to secure protection of and to redress deprivations of rights under the statutes of the United States, specifically including the FLSA, 29 U.S.C. § 201, *et seq*.

6. The Court has supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367.

7. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

8. Plaintiff is currently a citizen of the Commonwealth of Massachusetts, but was a citizen of the State of Ohio during the relevant time period.

9. Defendants reside within or have their principal place of business within the Southern District of Ohio. The acts and omissions complained of herein were committed and had a principal effect, as described more fully below, within the Southern District of Ohio, Western Division.

10. Venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. PARTIES

11. Plaintiff Sybil Pitts is an adult female citizen of the United States who now resides in Hampshire County, Massachusetts. Plaintiff was employed by defendants from on or about December 2018 until on or about Fall 2021 within the Southern District of Ohio.

12. Defendant DHH is an Ohio for-profit corporation organized under the laws of the State of Ohio. Defendant's principal place of business is located in Hamilton County, Ohio, which is in this judicial district. DHH is an employer under 29 U.S.C. § 203(d). DHH is an enterprise within the meaning of 29 U.S.C. § 203(r).

13. Defendant Lamb is the owner of DHH. Defendant Lamb is a resident of this judicial district and sets the terms and conditions of work for individuals who work for DHH. Defendant Lamb creates work schedules, sets rates of pay and exercises operational control over DHH.

14. Defendant Lamb is a "person acting directly or indirectly in the interest of an employer in relation to an employee" and, therefore, is an "employer" within the meaning of 29 U.S.C. § 203(d).

## IV. STATEMENT OF FACTS

**Defendants' Business**

15. Defendants operate a home care business providing care individuals with developmental disabilities.

16. Defendants employ care aids like plaintiff who are given various work assignments around the greater Cincinnati, Ohio area.

17. Defendants' center of operations is located in Colerain, Hamilton County, Ohio, within this judicial district.

**Plaintiff's Work for Defendants**

18. During the course and scope of her employment with defendants, plaintiff worked for defendants as a home care aid.

19. No college education nor specialized training is necessary to work as a home care aid, other than *de minimis* requirements through Hamilton County, Ohio and certification in CPR and first aid.

20. Plaintiff does not have a college education, nor did she undergo any specialized training before becoming a home care aid for defendants.

21. The work performed by plaintiff included assisting defendants' adult clients in the home of those clients by performing a variety of non-medical tasks and low-level medical tasks.

22. For example, plaintiff assisted her developmentally disabled clients with activities of daily life such as household chores, preparing food, and personal hygiene.

23. Plaintiff also assisted these developmentally disabled individuals with low-level medical assistance including, but not limited to, the administration of oral and/or topical medication, obtaining blood pressure readings, and obtaining blood sugar levels.

**Plaintiff Works Overtime**

24. By virtue of suffering to permit to work when caring for defendants' clients, plaintiff worked long hours.

25. Plaintiff consistently worked in excess of forty (40) hours per workweek. However, plaintiff was not paid overtime at the rate of at least one and one-half times her normal rate of pay for all hours worked in excess of forty (40) hours per workweek.

26. Defendants did not pay plaintiff for all hours worked over forty (40) at a rate of at least one and one-half times her normal hourly rate.

27. At times, plaintiff was unpaid for her overtime, as she was in the pay period from July 25, 2021 until August 7, 2021, when she worked 41.08 hours and was paid a straight time wage for all hours worked. *See* Exhibit A.

28. Other times, plaintiff was paid an increased rate for her overtime hours, but far less than the one and one-half times required by the FLSA.

29. For example, for the pay period from July 11, 2021 to July 24, 2021, plaintiff was paid a rate of $13.35 per hour for straight time and $13.50 per hour for overtime. *See* Exhibit B.

30. On February 1, 2022, plaintiff, through her legal counsel, requested from DHH a copy of the records DHH is required to maintain and produce pursuant to the Ohio Constitution, Article II, §34a. Included in that letter was an authorization, executed by plaintiff, for DHH to release those records to plaintiff's legal counsel.

31. A true and correct copy of the February 1, 2022 letter and release are included herein as Exhibit C.

32. DHH received plaintiff's request on February 7, 2022 as evidenced by the certified mail receipt attached as Exhibit D.

33. Pursuant to R.C. 4111.14(G)(3), defendant was required to provide the information requested in Exhibit C within "thirty business days after the date the employer receives the request."

34. Defendant failed to provide the required information within thirty business days of its receipt of the request and at the time of the filing of this action has not provided the information.

## V. STATEMENT OF THE CLAIMS

### Count One

**Denial of Overtime Pay under the
Fair Labor Standards Act, 29 U.S.C. § 207(a)(1)**

5

35. Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

36. Defendants' failure to pay plaintiff at least one and one-half times her regular rate for all hours worked in excess of forty (40) hours per workweek constituted a denial of Overtime Pay at a rate of not less than one and one-half times plaintiff's regular rate for all hours worked in excess of forty (40) hours per workweek.

37. Defendants failed to pay plaintiff Overtime Pay for all hours worked in excess of forty (40) hours per workweek as required by the Fair Labor Standards Act.

38. Defendants' denial of Overtime Pay violated the FLSA, including but not limited to the overtime provisions of 29 U.S.C. § 207(a)(1).

39. Plaintiff is entitled to recover from defendants overtime pay at a rate not less than one and one-half times her regular rate for all hours worked in excess of forty (40) hours per workweek during the period beginning two (2) years prior to the commencement of this action, together with liquidated damages in an amount equal thereto, and attorney's fees pursuant to 29 U.S.C. § 216(b).

## Count Two

### Willful violation of FLSA, 29 U.S.C. § 255(a)

40. Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

41. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) such that plaintiff is entitled to recover from defendant an appropriate amount during the period beginning three (3) years prior to the commencement of this action

together with liquidated damages in an amount equal thereto and attorney's fees pursuant to 29 U.S.C. § 216(b).

### Count Three

### Violations of Ohio's Minimum Fair Wage
### Standards Act, R.C. 4111.01 *et seq.*

42. Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

43. Under the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.01 *et seq.*, defendants were and are required to pay each of its non-exempt Ohio employees at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty (40) hours in one workweek. R.C. 4111.03(A) and 4111.10(A).

44. Defendants' conduct as described above violates the OMFWSA provisions governing payment of overtime.

45. Defendants have willfully and with reckless disregard deprived plaintiff of overtime compensation under the OMFWSA, which entitles plaintiff to liquidated and/or punitive damages and other appropriate relief.

### Count Four

### Failure to Pay Semi-Monthly Wages Due, R.C. 4113.15

46. Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

47. During the two-year period preceding the filing of this Complaint, defendants breached the requirement of R.C. 4113.15 by failing to pay plaintiff and those similarly situated all wages owed to them within thirty (30) days of their regularly scheduled semi-monthly payday for each pay period in which plaintiff and those similarly situated worked.

48. Defendants are liable for the unpaid wages and for additional amounts as liquidated damages and interest as provided by R.C. 4113.15.

## Count Five

### Failure to Timely Provide Payroll Records
### R.C. 4111.14(G)

49. Plaintiff incorporates by reference all of the above paragraphs as though fully restated herein.

50. At all relevant times, plaintiff was an employee of defendants, acting within the scope of her employment.

51. Defendants have violated R.C. 4111.14(G) which requires an employer to timely provide information in accordance with Article II, Section 34(a) of the Ohio Constitution, without charge to an employee or person acting on behalf of an employee upon request.

52. R.C. 4111.14(G)(3) states that an employer shall provide the requested information within thirty (30) business days after the date the employer receives the request, unless (a) the employer and employee or person acting on behalf of the employee agree on an alternative time period or (b) the thirty-day period would cause a hardship on the employer.

53. Defendants received plaintiff's request on February 7, 2022.

54. Defendants were required to produce the records by March 21, 2022, but failed to do so.

55. Defendants neither requested nor claimed any of the exceptions under R.C. 4111.14(G)(3) as to not being able to provide the requested information within the thirty (30) business days.

56. As a direct and proximate result of defendants' conduct, plaintiff has suffered damages.

## VI. PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment against the defendants as follows:

1. Judgment against the defendants for violating the Fair Labor Standards Act;

2. An Order declaring that the defendants' violations of the Fair Labor Standards Act were willful;

3. An injunction prohibiting defendants from engaging in future violations of the Fair Labor Standards Act;

4. An award of overtime pay and liquidated damages thereon;

5. Judgment against the defendants for violating the Ohio Constitution and Ohio Revised Code;

6. An award of plaintiff's reasonable attorney's fees and costs; and

7. All such other relief as the Court deems appropriate under the premises.

Respectfully submitted,

**MINNILLO LAW GROUP Co., LPA**

*/s/ Robb S. Stokar*
Robb S. Stokar (OH-0091330)
2712 Observatory Avenue
Cincinnati, Ohio 45208
Tel: (513) 723-1600
Fax: (513) 723-1620
rss@mlg-lpa.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable in this matter.

*/s/ Robb S. Stokar*
Robb S. Stokar (OH-0091330)