**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **SYBIL PITTS** | : | Case No.: 1:22-cv-00171 |
| | : | |
| **Plaintiff,** | : | Judge Douglas R. Cole |
| | : | |
| v. | : | Magistrate Judge Bowman |
| | : | |
| **DEVOTED HELPING HANDS, LLC, et al.** | : | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT** |
| | : | |
| **Defendants.** | : | |

Plaintiff Sybil Pitts ("Plaintiff") and Defendants Devoted Helping Hands, LLC and Mia Lamb, ("Defendants"), hereby file this Joint Motion for approval of the proposed Settlement Agreement.

**I.      INTRODUCTION**

The Parties seek this Court's approval of a timely settlement relating to Plaintiff's allegations of unpaid overtime wages pursuant to federal and Ohio law.  As an initial matter, this is not a collective or multi-plaintiff action – it involves a single plaintiff, and, as such, some of the concerns about the settlement being fair and reasonable that might exist where plaintiffs (or potential plaintiffs) are not present during settlement negotiations do not exist here.

Fortunately, the unpaid overtime claims in this matter are remarkably straightforward. There is no dispute about Plaintiff's classification – Defendants did not mis-classify her as an exempt employee.  Rather, it appears a payroll error simply caused Plaintiff to be paid for overtime hours at a rate that was higher than her normal hourly rate, but slightly lower than the "time and a half" required by federal and Ohio law.  Accordingly, the settlement calculation, here, is straightforward, as is shown below.

II.    **SUMMARY OF FACTS AND PROCEDURAL HISTORY**

Ms. Lamb owns defendant Devoted Helping Hands, LLC, which is a company devoted to helping adult individuals with developmental delays to seek a more independent lifestyle. Plaintiff was an employee with DHH for fewer than 3 years, resigning her employment in the Fall of 2021.

Payroll records indicate that Defendants properly recognized that Plaintiff was eligible for overtime wages, but that, apparently due to a formulaic error in the payroll software used to calculate earnings, Plaintiff's overtime rate was paid at a rate under 150% of her hourly rate.

Plaintiff sued. Before a response to her complaint became necessary, the parties, through undersigned counsel, discussed the case. Counsel for Plaintiff argued that calculations suggested that Plaintiff was underpaid $4,875 as a result of the software error. Counsel for Defendants calculated an amount of closer to $4,000. The parties disagreed as to whether Plaintiff would be entitled to statutory or liquidated damages associated with the underpayment, regardless of the calculation, given that Defendants had an excellent argument that "willfulness" contemplated by the overtime statutes was absent in this matter. If willful, the underpayment would likely be doubled.

Counsel for Plaintiff also sought attorneys' fees and costs of over $6,000. Eventually, the Parties, again through counsel, compromised the matter by agreeing that Defendants would pay Plaintiff $7,000, less withholdings, and would separately pay her counsel $3,428 directly for legal fees and costs.

III.    **ARGUMENT**

    A.    **Standards for Approval of an FLSA Settlement**

An employee's claims under the FLSA generally are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court. *Gentrup v. Renovo Services,*

*LLC*, No. 1:07CV430, 2011 U.S. Dist. LEXIS 67887, at *6 (S.D. Ohio Jun.24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir.1982)).  As such, "[t]he proper procedure for obtaining court approval of the settlement of FLSA claims is for the parties to present to the court a proposed settlement, upon which the district court may enter a stipulated judgment only after scrutinizing the settlement for fairness." *Id.* (citation omitted). "If a settlement in an employee FLSA suit reflects 'a reasonable compromise over issues,' such as FLSA coverage or computation of back wages that are 'actually in dispute,' the court may approve the settlement 'in order to promote the policy of encouraging settlement of litigation.'" *Id.* (citation omitted).

Courts in the Sixth Circuit consider a number of factors in determining whether a proposed FLSA settlement is fair and reasonable: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; (5) the opinion of class counsel and representatives; (6) the reaction of absent class members; and (7) public interest in the settlement.  *Vigna v. Emery Fed. Credit Union*, S.D.Ohio No. 1:15-cv-51, 2016 U.S. Dist. LEXIS 166605, at *7 (Dec. 2, 2016) (citing *Gentrup*, 2011 U.S. Dist. LEXIS 67887, at *6; *Int'l Union, United Auto., Aerospace and Agr. Implement Workers of Am. v. General Motors Corp.*, 497 F.3d 615, 631 (6th Cir.2007); *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir.1992)).

"The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case.  In certain cases, a court may consider each factor individually.  More often, however, inquiry into one factor necessarily overlaps with inquiry into another." *Gentrup*, 2011 U.S. Dist. LEXIS 67887, at *8-9. "The Court is not required to determine if the settlement is the fairest possible resolution of the claims of each plaintiff, but rather whether the settlement taken as a whole is fair, adequate, and reasonable.  *Id.*

3

Here, the totality of the settlement circumstances supports this Court approving the parties' proposed settlement.

### B. The Settlement Is Fair and Reasonable

First, there is no evidence of any fraud or collusion. Rather, the settlement terms are a compromise between Plaintiff's demanded figures and the liability that Defendants would have to recognize if the case were to proceed further. The settlement was reached after good-faith, arm's length negotiations by experienced legal counsel.

Ultimately, given the genuine good faith dispute over whether "willfulness" exists in this matter was the only arguably negotiating point. Plaintiff is receiving more than 100% of her lost overtime; the compromise concerns whether she would be entitled to liquidated damages, and, via this anticipated settlement, she is receiving less than she would if liquidated damages were awarded, but more than if they were not. The remaining settlement compensates Plaintiff for her reasonable attorney fees, and costs.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff and Defendants respectfully request that the Court approve the Settlement Agreement.

A copy of the fully executed settlement agreement is attached hereto as Exhibit A. A proposed Order is attached for the convenience of the Court as Exhibit B, and will be sent to the designated Chambers e-mail address.

Respectfully Submitted,

| | |
|---|---|
| /s/ Robb S. Stokar | /s/ David A. Eberly * |
| Robb S. Stokar (0091330) | David A. Eberly (0067007) |
| Minnillo Law Group Co., LPA | Eberly McMahon Copetas LLC |
| 2712 Observatory Avenue | 2245 Gilbert Ave., Suite 101 |
| Cincinnati, OH 45208 | Cincinnati, OH 45206 |
| Tel: (513) 723-1600 | Tel: (513) 533-1151 |
| Fax: (513) 723-1620 | Fax: (513) 533-3554 |
| rss@mlg-lpa.com | deberly@emclawyers.com |
| *Attorney for Plaintiff* | *Attorney for Defendants* |
| | * per email auth. 07/19/22 |

### **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 19, 2022, a true and accurate copy of the foregoing was electronically filed with the Clerk of Court using the Court's CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Robb S. Stokar
Robb S. Stokar (OH 0091330)

# EXHIBIT A

# Fully Executed Settlement Agreement

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is made and entered into by and between Sybil Pitts ("Pitts") and Devoted Helping Hands, LLC ("DHH") and Mia Lamb ("Lamb") (collectively, "Defendants") this ___ day of July, 2022 (the "Effective Date").

RECITALS:

WHEREAS, Pitts has made certain claims against DHH and Lamb relating to her employment by DHH, including filing a lawsuit in the United States District Court for the Southern District of Ohio (the "Court"), Case No. 1:22-cv-00171(the "Litigation").

WHEREAS, the parties desire to resolve the Litigation and all related claims, including any and all claims arising from or relating to her employment, her earnings associated with her employment, any and all unpaid wages and damages (actual or liquidated), including her legal fees and costs, and now wish to enter into this Agreement for that purpose.

THEREFORE, in consideration of the covenants, releases and conditions set forth herein, the parties agree as follows:

1.  DHH, on behalf of it and Lamb, will pay Pitts and her attorneys within thirty (30) days of the later of 1) Pitts' execution of this Agreement AND 2) the Court's dismissal of the Litigation, the total gross amount of Ten Thousand Fourth Hundred Twenty Eight Dollars ($10,428) for her claims of alleged back wages, overtime wages, and any other unpaid compensation, as well as for consideration of any and all other claims released herein. These payments will be made in accordance with the paragraph below, which accounts for attorneys' fees.

DHH will issue two checks: (i) one check to Pitts for overtime pay and liquidated damages in the gross amount of $7,000, which will be subject to tax withholdings, and (ii) one check to her attorneys Minnillo Law Group Co., L.P.A. ("Minnillo") in the amount of $3,428. Each party, as well as Minnillo, will be responsible for her or its own taxes, and neither DHH nor Lamb is offering Pitts legal advice regarding her tax obligations.

2.  As condition precedent to her receipt of the payments set forth in Section 1, above, Pitts will cooperate with DHH and Lamb's counsel to seek the dismissal of the Litigation with prejudice. Each party will bear its/her own costs and attorneys' fees, except as provided above in so far as the $3,428 payable to Minnillo Law Group is to compensate for Pitts' costs and attorneys' fees in total.

3.  Pitts hereby releases, waives, forever discharges and agrees to hold harmless Lamb and DHH and any and all of its, her, and/or their affiliates, owners, directors, officers, employees, employee benefit plans, agents, representatives, and attorneys, including all named Defendants in the Litigation (collectively "Releasees") from any and all claims, demands, obligations and/or causes of action of any nature whatsoever which, as of the date of this Agreement, Pitts now has

-1-

or claims to have against Releasees by reason of any matter related to the subject matter of the Litigation or arising out of or in any way connected with any loss, damage or injury whatsoever known or unknown, suspected or unsuspected resulting from any action or omission by or on the part of one, some, any, or all Releasees, committed or omitted prior to the date Pitts signs this Agreement, including but not limited to claims under the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment act, the Americans with Disabilities Act, and any other federal and state law concerning wage payment, discrimination or retaliation. This release does not include any claims that may arise after the Agreement becomes effective.

5. This Agreement and the terms of this Agreement shall remain confidential and, except as compelled by process of law or for legitimate business purposes, shall not be disclosed to anyone other than the parties, their spouses, their attorneys and, if necessary, their tax preparers, except for the Court before which the Litigation is pending. Should the Agreement need to be filed with the Court, the parties shall mutually and jointly seek to have it filed under seal.

6. The Parties are settling this matter to avoid further fees and expenses and to bring closure to the disputes among or between them. Releasees deny that any of the Defendants in the Litigation are liable to Plaintiff for any of the claims asserted in this Litigation.

7. Pitts agrees that she will not seek re-employment or reinstatement by DHH, Lamb, or any of its corporate affiliates, and DHH shall not be liable for any claim relating to the refusal to consider her for reemployment.

8. Pitts acknowledges and agrees (a) that her waiver of rights under this Agreement is knowing and voluntary and complies in full with all criteria set forth in the regulations of the Age Discrimination in Employment Act and the Older Workers Benefit Protection Act; (b) that she understands the terms of this Agreement; (c) that she has been represented by an attorney in connection with her decision to enter into this Agreement; (d) that Releasees have given her a period of at least 21 days to consider this Agreement, and she has had sufficient time to consider her decision to enter into this Agreement; and (e) that this Agreement shall be effective and enforceable from the date of its signing. However, Pitts has the right to revoke this Agreement at any time within the seven-day period after she signs it. To exercise that right, she must send a written notification of the revocation to DHH's counsel, David Eberly, at Eberly McMahon Copetas LLC, 2245 Gilbert Avenue, Suite 101, Cincinnati, Ohio 45206.

9. This Agreement shall be binding upon and inure to the benefit of the agents, executors, administrators, heirs, successors and assigns of the parties.

10. Pitts shall provide timely provide DHH's counsel a completed IRS Form W-4 for her and a completed IRS Form W-9 for Minnillo as condition precedent to the payments described above. Pitts agrees that any and all tax liability that may be due or become due because of the payments described above are her sole responsibility and further agrees to hold Releasees harmless from and against any tax or tax withholding claims.

11. Pitts acknowledges that 1) she resigned from her employment from Releasees and 2) that she currently has no complaint, charge, lawsuit, or other legal action pending before any administrative, governmental, or judicial body allegeing a violation of federal or state wage and hour laws by any Releasee except for the Litigation. Pitts specifically acknowledges that in this Agreement, she is releasing any claim that arose prior to the Effective Date for alleged unlawful discrimination or retailiation, unpaid compensation, back wages, overtime wages, or wage and hour violations. Pitts promises not to pursue any claim settled by this Agreement. If Pitts breaks this promise, she agrees to pay Releasees' costs and expenses (including reasonable attorneys' fees) related to the defense of any such claims.

12. This Agreement may be executed in one or more counterparts, each of which will be deemed an original, but all of which constitute one and the same Agreement.

Devoted Helping Hands, LLC

_____
Sybil Pitts (Jul 13, 2022 09:02 CDT)
Sybil Pitts

By: _____
Mia Lamb, President

Date: Jul 13, 2022

Date: 7/19/2022

_____
Mia Lamb

Date: 7/19/2022

-3-

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **SYBIL PITTS** | : | Case No.: 1:22-cv-00171 |
| | : | |
| Plaintiff, | : | Judge Douglas R. Cole |
| | : | |
| v. | : | Magistrate Judge Bowman |
| | : | |
| **DEVOTED HELPING HANDS, LLC,** | : | **[PROPOSED] ORDER GRANTING** |
| et al. | : | **JOINT MOTION FOR APPROVAL** |
| | : | **OF SETTLEMENT AGREEMENT** |
| Defendants. | : | |

  The parties to the above-captioned matter filed a Joint Motion for Approval of Settlement Agreement.  Having considered the Motion and reviewed the settlement agreement, this Court finds that the settlement is fair and reasonable.  The settlement is APPROVED and Defendants are ordered to make payment within thirty (30) days of the Court's entry of this Order.

  Therefore, it is ordered that the above-captioned matter is dismissed with prejudice.  The Court shall retain jurisdiction to enforce the terms of the settlement.

  IT IS SO ORDERED in the United States District Court, Southern District of Ohio, Western Division, in Cincinnati, Ohio, this ____ day of _____, 2022.


                   _____
                   UNITED STATES DISTRICT JUDGE

Exhibit B

Have seen and agree:

| | |
|---|---|
| /s/ Robb S. Stokar | /s/ David A. Eberly * |
| Robb S. Stokar (0091330) | David A. Eberly (0067007) |
| Minnillo Law Group Co., LPA | Eberly McMahon Copetas LLC |
| 2712 Observatory Avenue | 2245 Gilbert Ave., Suite 101 |
| Cincinnati, OH  45208 | Cincinnati, OH  45206 |
| Tel:  (513) 723-1600 | Tel:  (513) 533-1151 |
| Fax: (513) 723-1620 | Fax: (513) 533-3554 |
| rss@mlg-lpa.com | deberly@emclawyers.com |
| *Attorney for Plaintiff* | *Attorney for Defendants* |
| | * per email auth. 07/19/22 |